**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sandra RUIZ, Defendant—Appellant.**

No. 05–50554.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

Becky S. Walker, Esq., Pegeen D. Rhyne, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Mark M. Kassabian, Esq., Geragos & Geragos, Los Angeles, CA, for Defendant—Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Sandra Ruiz appeals the sentence imposed following her jury conviction of one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of making false statements to the Department of Housing and Urban Development, in violation of 18 U.S.C. § 1010. The district court imposed the sentence after the Supreme Court in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Sentencing Guidelines advisory, such that the district judges could permissibly increase a sentence based on facts not proved to the jury.

Ruiz contends that because her offenses were committed before the date of the *Booker* the decision, the *ex post facto* principles inherent in the Due Process Clause, taken together with *Booker's* Sixth Amendment ruling, barred the district court from imposing a sentence greater than the Guidelines range based on facts proved to the jury. This contention is foreclosed by *United States v. Dupas,* 419 F.3d 916, 919–921 (9th Cir.2005) (holding that retroactive application of the *Booker* remedial opinion did not violate *ex post facto* principles incorporated into the Due Process Clause).

In her Reply Brief, Ruiz contends for the first time that because her enhancements are the product of "statutory changes" activated by *Booker,* the enhancements violate the Ex Post Facto Clause of Article I, Section 9, of the Constitution. This contention is likewise fore-

---

closed. *See Dupas, supra.,* at 920 n. 3 (rejecting *ex post facto* challenge to retroactive application of *Booker* remedial opinion after noting that the Ex Post Facto Clause of Article I, Section 9, applies only to changes in the law resulting from legislative or executive action).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.